1  Gail Shifman
   California State Bar No. 147334
2  Law Office of Gail Shifman
   2431 Fillmore Street
3  San Francisco, CA 94115-1814
   Phone Number:      (415) 551-1500
4  Fax Number:        (415) 551-1502
   Email:            gail@shifmangroup.com
5
   Counsel for Defendant
6  ANDY MANUEL REANOS-MORENO

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  United States of America,              CASE NOs.:  CR 19-287-CRB
                                                       CR 19-343-CRB
13                                                     CR 19-367-CRB
                  Plaintiff,                           CR 19-381-CRB

14
                                           **EX-PARTE MOTION AND**
15       v.                                **DECLARATION SEEKING**
                                           **THE APPOINTMENT OF A**
16  Jose Luis Vasquez-Arteaga (#1),        **COORDINATING**
                                           **DISCOVERY ATTORNEY**
17  Rosemon Fabricio Arteaga Vasquez (#2), **AND [PROPOSED] ORDER**

18                Defendants;

19

20  United States of America,

21
                  Plaintiff,
22
         v.
23  Isa Cruz (#1),

24  Carla Cruz (#2),

25  Gumaro Yescas (#3),

26  Justo Pastor Elbir (#4),

27  Cinthia Miramontes Rodriguez (#5),

28                Defendants;

United States of America,

Plaintiff,

v.

Eduardo Alfonso Viera-Chirinos (#1),

Victor Viera-Chirinos (#2),

Jorge Alberto Viera-Chirinos (#3),

Julio Cesar Viera-Chirinos (#4),

Jorge Enrique Torres-Viera (#5),

Karen Castro-Torres (#6),

Cilder Velasquez (#7),

Alexander Gonzalez-Vasquez (#8),

Gustavo Adolfo Gamez-Velasquez (#9),

Luis Almicar Erazo-Centeno (#10),

Rodulio Alexo Garcia (#11),

Juan Velasquez-Escoto (#12),

Elvin Mejia-Padilla (#13),

Yordi Yavier Agurcia Galindo (#14),

Rudis Valladeres-Casceres (#15),

Defendants;

United States of America,

Plaintiff,

v.

Andy Manuel Reanos-Moreno (#1),

Karol Erazo Reanos (#2),

Angel David Centena (#3),

Allan Josue Funez Osorto (#4),

Brayan Martinez (#5),

Josue Natanael Perdomo Moreno (#6),

Jose Franklin Rodriguez Garcia (#7),

2

1  Cesar Estrada Cruz (#8),
2  Arnold David Cruz Rodriguez (#9),
3  Christian Rodriguez-Valle (#10),
4  Alex Gomez Barrientos (#11),
5  Eric Javier Montoya Marquez (#12),
6  Kevin Arteaga-Morales (#13),
   Nicolas Soria (#14),
7                      Defendants.
8
9
10        The Defendants, by and through their counsel of record, individually and for
11
12  the benefit of all court-appointed defendants and their counsel, and move this Court
13  for an order under 18 U.S.C. § 3006A(b) appointing John C. Ellis, Jr. as
14
15  Coordinating Discovery Attorney ("CDA").  Mr. Ellis is one of five National
16  Coordinating Discovery Attorneys under contract with the Administrative Office of
17  the U.S. Courts, Defender Services Office.  His role is to implement discovery
18
19  management strategies that will increase the efficiency of review and to coordinate
20  with the government regarding efficient discovery production on behalf of all court-
21
22  appointed defendants and their counsel.  This pleading is filed *ex parte* because it
23  relates solely to the appointment of a defense discovery coordinator in the four
24  related cases.
25
26        In October of 2017, the Drug Enforcement Agency began an investigation
27  into alleged drug trafficking occurring in the Tenderloin neighborhood of San
28
                                    3

Francisco.  After almost two years of investigating, the government has now charged

dozens of people including the thirty-six people in these four separate indictments

with drug trafficking crimes, including conspiracy to distribute controlled

substances, distribution of controlled substances, possessing controlled substances,

and the unlawful use of a communication facility.

The defense understands that the discovery is substantial, consisting of audio

and transcripts from multiple wiretaps, videos from pole cameras, GPS coordinates

from vehicle tracking devices, photographs and videos, reports of investigation, and

returns from search warrants.  The volume and complexity of discovery led counsel

to seek the assistance of Mr. Ellis as a Coordinating Discovery Attorney.  His work

will avoid duplicative time and costs organizing and searching key documents.

The Administrative Office of the U.S. Courts, Defender Services Office

("DSO") funds a program to assist Criminal Justice Act Panel attorneys and

Assistant Federal Public Defenders in matters involving voluminous electronic

discovery.  Under this program, DSO pays the fees of an attorney under contract

with DSO and appointed by the Court to serve as Coordinating Discovery

Attorney.  A Coordinating Discovery Attorney reduces the time and money

expended by appointed counsel in organizing, storing, and reviewing voluminous

discovery in complex matters like this one.  Mr. Ellis is under contract with DSO to

work as a Coordinating Discovery Attorney.  Although the cost of his time would

4

1
2
3

be paid by DSO, some of his work requires the help of outside litigation support technology companies.  For those services, he will petition this Court for funds.

4
5
6
7
8

Based on Mr. Ellis' experience working on these types of case, his work could save substantial time and costs in assessing and organizing the discovery, as opposed to all defense counsel and their staff learning about the tools to analyze such a large volume of materials.

9
10
11
12
13

For all the reasons set forth above, defense counsel respectfully requests this Court enter an order appointing John C. Ellis, Jr. of the Law Offices of John C. Ellis, Jr. as the Coordinating Discovery Attorney.

14
15

Dated:  August 31, 2019                     Respectfully submitted,

16
17
18

    _/s/ Gail Shifman_
**GAIL SHIFMAN**
Attorney for Defendant
Andy Manuel Reanos-Moreno

19
20
21
22
23
24
25
26
27
28

Ex-Parte Motion and Declaration Seeking the Appointment
of a Coordinating Discovery Attorney and [Proposed] Order

## DECLARATION

I, Gail Shifman, declare and state as follows:

1.      I am the court-appointed attorney for Andy Manuel Reanos-Moreno in case CR 19-381-CRB.  I make these statements based upon my personal knowledge, information, and belief.

2.      The indictments in the four related cases charge numerous drug related offenses.  Specifically, in *United States v. Vasquez-Arteaga, et al.* (CR 19-287-CRB), there is a ten-count indictment charging two people with conspiring to distribute and possess with intent to distribute cocaine and heroin; and distributing of controlled substances.  In *United States v. Cruz, et al.* (CR 19-343-CRB), there is a five-count indictment charging five people with conspiring to distribute controlled substances; using a communication facility in committing controlled substance offense; distributing controlled substances; and possessing with intent to distribute a controlled substance.  In *United States v. Viera-Chirinos* (CR 19-367-CRB), there is a three-count indictment charging fifteen people with conspiring to distribute and possess with intent to distribute heroin, methamphetamine, cocaine base, and cocaine; and possessing with intent to distribute controlled substances.

3.      The discovery is substantial, consisting of audio and transcripts from multiple wiretaps, videos from pole cameras, GPS coordinates from vehicle tracking

1  devices, photographs and videos, reports of investigation, and returns from search
2
3  warrants.
4       4.     The large volume of discovery led undersigned counsel to seek the
5  assistance of John C. Ellis, Jr. as a Coordinating Discovery Attorney.  Mr. Ellis is an
6
7  attorney in San Diego, California and one of five national Coordinating Discovery
8  Attorneys for the Administrative Office of U.S. Defender Services Office (DSO).
9
10 His time will be paid by the DSO.  His work can be shared with defense counsel in
11 the four related cases and will help avoid duplicate time and costs time and costs
12 organizing discovery.
13
14      5.     I have communicated with all CJA defense counsel in these four cases
15 to confirm that they would like Mr. Ellis to help manage the discovery.  The
16 consensus was to seek Mr. Ellis' assistance.  No appointed counsel objected.
17
18      I declare under penalty of perjury under the laws of the United States that
19 the foregoing is true and correct.  Signed this 31st of August 2019 in San Francisco,
20 California.
21
22                             /s/ Gail Shifman
23                             _____
24                             GAIL SHIFMAN
25
26
27
28

7

## [PROPOSED] ORDER
## APPOINTING JOHN C. ELLIS, JR.
## <u>COORDINATING DISCOVERY ATTORNEY</u>

It is hereby **ORDERED** that John C. Ellis, Jr. is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all the defendants.  His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case; and

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information.

Therefore, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

8

Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing additional representation services, and he therefore will not be establishing an attorney-client relationship with any of the defendants.

The Government shall provide discovery to the Coordinating Discovery Attorney unless otherwise agreed.  To avoid delay in providing discovery to defense counsel, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel.  The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work was as previously agreed.  However, his time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office.  All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work and if any third-party services are used, whether those services remain within the budget authorized by the

9

Court.

DATED this _____ day of September, 2019.

_____
CHARLES R. BREYER
U.S. District Court Judge

Ex-Parte Motion and Declaration Seeking the Appointment
of a Coordinating Discovery Attorney and [Proposed] Order